IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN DIANA KINGSLEY and JAMES KINGSLEY, individually and on behalf of MIKKO JORAN COOK,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation; and DXM PHARMACEUTICALS, INC., a Texas corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, DENYING WITHOUT PREJUDICE MOTION FOR JUDGMENT ON THE PLEADINGS, AND DENYING AS MOOT MOTION TO APPOINT GUARDIAN AD LITEM**<br><br>Case No. 2:25-cv-00385-TC-CMR<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

On March 26, 2025, Plaintiffs Susan Diana Kingsley and James Kingsley, individually and on behalf of their son, Mikko Joran Cook, filed suit against Defendants Amazon.com Services LLC (Amazon) and DXM Pharmaceuticals, Inc. (DXM) in the Third District Court in Salt Lake County. (See State Ct. Dkt. Materials, ECF No. 1-1 at 4, 6.) Amazon then removed the case to federal court on May 15, 2025. (Not. Removal, ECF No. 1.)

The action was assigned to the Honorable Cecilia M. Romero. But because the parties did not consent to the jurisdiction of a Magistrate Judge, the case was reassigned to the undersigned judge, with Judge Romero continuing to act as a referral judge under 28 U.S.C. § 636(b)(1)(A). (Not. Non-Consent, June 25, 2025, ECF No. 17); see also DUCivR 72-3(d)(2)(A). Before that reassignment, DXM had already filed a motion to dismiss. (ECF No. 6.) And since reassignment, the parties have filed two additional motions: 1) a motion for

1

the appointment of a guardian ad litem filed by the Kingsleys (ECF No. 18); and 2) a motion for judgment on the pleadings filed by Amazon. (ECF No. 20.)

The Kingsleys are pro se litigants, representing themselves and their son without the benefit of an attorney. Susan Kingsley filed a motion for an extension of time to respond to Amazon's motion for judgment on the pleadings. (Mot. Extension, ECF No. 22.) That motion also cited DXM's motion to dismiss but incorrectly referred to DXM's motion as a second motion for judgment on the pleadings. (See id. at 1.) Judge Romero granted the motion for an extension, but her order only granted an extension to respond to Amazon's motion for judgment on the pleadings. (Order, July 1, 2025, ECF No. 23 at 1.) DXM then asked the court to decide its motion to dismiss, arguing that the motion was unopposed. (See Request to Submit, ECF No. 25.) Susan Kingsley objected to that request and asked the court to defer consideration of DXM's motion to dismiss until after the court decided the Plaintiffs' pending motion to appoint a guardian ad litem. (See Pls.' Objs., ECF No. 26 at 2.)

Having considered the materials provided by the parties, the court finds that DXM's motion is ripe for adjudication but, for the reasons stated below, largely denies that motion. The court also finds that there is no need to appoint a guardian ad litem in this matter and denies the Kingsleys' motion as moot. Finally, the court finds that Amazon's motion for judgment on the pleadings is premature but nevertheless addresses Amazon's central argument, because Amazon is correct that the Kingsleys must be represented by an attorney to bring claims on their son's behalf.

## BACKGROUND

In this action, the Kingsleys seek to hold the Defendants liable for damages caused by a product known as RoboTablets, a cough suppressant containing Dextromethorphan, which is sold by DXM on Amazon's marketplace. (Compl., ECF No. 1-1 at ¶¶ 5–6, 15–22.)

The Kingsleys' son Mikko resides with them and has special needs, including autism spectrum disorder. (Id. ¶ 1.) In November 2024, Mikko placed an order for RoboTablets from Amazon. (Id. ¶ 5.) He ingested RoboTablets at his parents' home on December 20, 2024, and then walked to his brother's residence. (Id. ¶ 7.) There, Mikko had seizures that rendered him unconscious. (Id.)

Upon discovering that Mikko was unresponsive, his brother's roommate alerted Susan and called 9-1-1. (Id. ¶ 8.) The Plaintiffs allege that emergency responders conducted a field test on an opened RoboTablets bottle found near Mikko and detected the presence of fentanyl. (Id. ¶ 9.) An unopened RoboTablets bottle found on the scene later tested positive for fentanyl as well. (Id. ¶ 10.)

Mikko received treatment at the hospital for several days, where he was diagnosed with influenza, and was later transferred to a mental health facility. (Id. ¶ 11.) The Plaintiffs allege that Mikko had been purchasing RoboTablets for months and suggest that certain of Mikko's behaviors, which his parents had previously assumed were signs of schizophrenia, could be linked to the ingestion of RoboTablets contaminated with fentanyl. (Id. ¶ 13.)

## LEGAL STANDARD

To survive a motion to dismiss, the factual allegations in a complaint must raise a plausible right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable

inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And while factual allegations asserted in a complaint are accepted as true for purposes of a motion to dismiss, conclusory allegations in a complaint are not entitled to such deference and are insufficient to state a claim. Id.

Federal courts exercising diversity jurisdiction apply the substantive law of the forum state for any state law claims. See Blanke v. Alexander, 152 F.3d 1224, 1228 (10th Cir. 1998). The court therefore applies Utah law to the Kingsleys' claims.

## ANALYSIS

Because the Kingsleys do not have legal representation and are proceeding pro se, the court construes their filings liberally and holds those filings "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Kingsleys must still "follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).

### I.   Timing Issues

As a preliminary matter, there are several procedural issues the court must address. First, there is some confusion about whether the Kingsleys appropriately asked for an extension to respond to DXM's motion to dismiss. As noted above, Ms. Kingsley's motion for an extension cited DXM's motion to dismiss but incorrectly referred to DXM's motion as a second motion for judgment on the pleadings. Judge Romero's order granting Ms. Kingsley's motion for an extension did not allow for an extension to respond to DXM's motion, but only to respond to Amazon's motion for judgment on the pleadings. Because the confusion was understandable, and mindful of the court's duty to construe pro se filings liberally, the court would generally

4

grant the Kingsleys additional time to respond to DXM's motion. But the court finds that an immediate decision on the motion will help to move the case forward. As discussed below, the court rules against the Kingsleys only on their claim for negligent infliction of emotional distress—and the court finds that the law on this matter is clear enough that any response from the Kingsleys would not alter the court's analysis. In any event, Judge Romero granted the Kingsleys until August 10, 2025, to respond to Amazon's motion for judgment on the pleadings (see ECF No. 23 at 1), and the Kingsleys failed to file a response, thereby leaving unopposed Amazon's similar arguments about why the court should dismiss the Kingsleys' claim for negligent infliction of emotional distress.

Second, the court notes that Amazon's motion for judgment on the pleadings is premature because the pleadings have not yet closed. Although Amazon filed an answer in state court, DXM has not filed an answer, and the court has not yet resolved DXM's motion to dismiss. In a case with a similar procedural posture, the Tenth Circuit noted that "a Rule 12(c) motion would have been premature because the pleadings were not closed where the other two defendants filed Rule 12(b) motions and had not filed answers[.]" Santa Fe Alliance for Pub. Health & Safety v. City of Santa Fe, 993 F.3d 802, 809 n.3 (10th Cir. 2021). The court therefore denies without prejudice Amazon's motion.

But even though the Kingsleys have not yet responded to DXM's motion to dismiss, and although Amazon's motion for judgment on the pleadings is premature, there are several issues that are nevertheless ripe for decision.

## II. Negligent Infliction of Emotional Distress

First, the court agrees with DXM (and Amazon) that the Kingsleys have failed to state a claim for negligent infliction of emotional distress. The Utah Supreme Court has adopted the

5

"zone of danger" theory of recovery for negligent infliction of emotional distress claims. Johnson v. Rogers, 763 P.2d 771, 784 (Utah 1988). This theory "allows recovery only for those who are 'victims' of another's breach of duty. In other words, only those placed in actual peril as a result of a defendant's breach of duty are allowed recovery for negligent infliction of emotional distress." Hansen v. Sea Ray Boats, Inc., 830 P.2d 236, 239 (Utah 1992). "Those outside the zone of danger created by the defendant are not allowed recovery for the emotional distress caused by witnessing the injury of others." Id. (citation omitted).

The Kingsleys allege that they "experienced severe emotional distress witnessing their son's critical medical crisis caused by Defendants' negligence and defective product." (Compl. ¶ 22.) But it is clear from the factual allegations presented in the complaint that Mikko's seizures occurred at his brother's residence and that Mikko was found unresponsive by his brother's roommate. The Kingsleys therefore did not witness the immediate adverse effects they believe were caused by the RoboTablets; instead, they saw Mikko later in the hospital. And even if the Kingleys had been present, there is no allegation that they themselves were in danger of suffering bodily harm from the RoboTablets. Instead, their claim arises entirely from "harm or peril to a third person," namely their son. Hansen, 830 P.2d at 239 (quoting Restatement (Second) of Torts § 313 cmt. d (1965)).

Because the Kingsleys were outside the zone of danger allegedly created by the Defendants, they cannot recover on their claim for negligent infliction of emotional distress. And because this issue is clear—and because the Kingsleys failed to respond to Amazon's similar argument—, the court finds that it would be futile to allow the Kingsleys additional time to respond to DXM's pending motion regarding this point. The court therefore dismisses the

Kingsleys' claim for negligent infliction of emotional distress with prejudice.

### III. Representation for the Remaining Claims

The Kingsleys' remaining claims—for strict products liability, negligence, and breach of the implied warranty of merchantability—are all brought on Mikko's behalf. Amazon argues that the Kingsleys may not proceed on these claims without counsel. (ECF No. 20 at 5–7.) And although Amazon's motion for judgment on the pleadings is premature, the court agrees with Amazon on this point.

A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). While Rule 17 of the Federal Rules of Civil Procedure allows a general guardian, among others, to sue on behalf of a minor or incompetent person, the Tenth Circuit has held that anyone acting on behalf of a minor or incompetent person must be represented by an attorney. See, e.g., Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); Gallacher v. Kisner, No. 2:08-cv-845-TC, 2009 WL 2058432, at *10 (D. Utah July 15, 2009) ("Because Plaintiff is not an attorney, has not retained an attorney, and is proceeding pro se in this case, he cannot pursue claims on behalf of his son.").

Accordingly, the Kingsleys must retain counsel before the court may consider their claims on behalf of their son. The court will allow the Kingsleys 30 days to retain counsel and

for that counsel to enter a notice of appearance.

### IV. Whether the Court Must Appoint a Guardian ad Litem

DXM argues that, even with counsel, the Kingsleys nevertheless lack standing to bring claims on Mikko's behalf. In response, the Kingsleys have moved the court to appoint a guardian ad litem.

The court finds that both these arguments miss the mark. Rule 17 of the Federal Rules of Civil Procedure provides as follows concerning the capacity of a representative or a guardian ad litem to sue on behalf of a minor or incompetent person:

> (c) Minor or incompetent person
>
> > (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
> >
> > > (A) a general guardian;
> > > (B) a committee;
> > > (C) a conservator; or
> > > (D) a like fiduciary.
> >
> > (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). A plain reading of this rule demonstrates that the purpose of a guardian ad litem is to provide representation where a more suitable representative does not exist. See Parada v. Pennington, No. 2:21-cv-534-TS-JSB, 2022 WL 16855643, at *3 (D. Utah Nov. 10, 2022), aff'd 2023 WL 1785650 (D. Utah Feb. 6, 2023) ("[A] court is legally obligated to appoint a guardian ad litem when—and only when—a minor child lacks a representative enumerated in Rule 17(c)(1)."). But there is no evidence that the Kingsleys are unsuitable as general guardians

for their son or that their interests are adverse to Mikko's interests.

      Despite the clear language in Rule 17 that a general guardian may sue on behalf of an incompetent person, DXM nevertheless argues that such an action is prohibited by Rule 17(b), which provides that "the law of the state where the court is located" determines a party's capacity to sue when that party is an individual acting in a representative capacity. Compare Fed. R. Civ. P. 17(b)(1) (capacity to sue for "an individual who is not acting in a representative capacity" is determined by the law of the individual's domicile), with Fed. R. Civ. P. 17(b)(3) (capacity to sue for "all other parties" is determined by the law of the state where the court is located). DXM cites a Utah statute that requires a plaintiff to "meet the traditional standing requirement in a private right of action" unless the plaintiff "is authorized by statute to bring the private right of action." Utah Code Ann. § 78B-3-101.3(2), (5). DXM notes that while Utah law expressly authorizes a parent or guardian to bring an action in tort for the injury of a minor child, see Utah Code Ann. § 78B-3-102, there is no similar authorization providing for parents or guardians to bring an action on behalf of an adult child who is not competent to bring the action himself.

      Section 78B-3-101.3 was enacted during the most recent legislative session, so there is a dearth of caselaw from Utah courts interpreting that statute. But this court is hesitant to read the statute to preclude general guardians—or, for that matter, guardians ad litem[1]—from bringing an action on behalf of an incompetent adult. Such an interpretation would be in tension with the Utah Rules of Civil Procedure, which contemplate that "[a]n executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made

---

[1] DXM has not pointed the court to any explicit statutory authorization under Utah law for guardians ad litem to bring an action in tort on behalf of an adult incompetent person.

for the benefit of another, <u>or</u> a party authorized by statute may sue in that person's name without joining the party for whose benefit the action is brought[.]" Utah R. Civ. P. 17(a) (emphasis added).  The Utah Rules of Civil Procedure further provide that "an insane or incompetent person who is a party must appear either by a general guardian or by a guardian ad litem appointed in the particular case by the court in which the action is pending." Utah R. Civ. P. 17(b).

Utah courts have previously permitted parents to bring claims on behalf of their adult incapacitated children.  For instance, in <u>Boucher ex rel. Boucher v. Dixie Medical Center</u>, the Utah Supreme Court considered tort claims brought on behalf of Daniel Boucher, an 18-year-old who was left brain-damaged after a 10-day coma.  850 P.2d 1179, 1180 (Utah 1992).  The case caption states that the claims were brought by "Daniel Boucher, By and Through his Guardian, Torla Boucher, an Individual, and James Boucher, an Individual[.]"[2] <u>Id.</u> at 1179.  The Utah Supreme Court was unconcerned by the absence of a guardian ad litem and there is no indication that the court required the Bouchers to submit a petition for guardianship before filing the lawsuit.

Accordingly, the court is not persuaded that Utah law prohibits the Kingsleys from suing on their son's behalf.  In any event, federal courts have generally relied on the specific provisions for the representation of minor and incompetent persons listed in Rule 17(c) without recourse to an analysis of state law under the more general provisions of Rule 17(b).  <u>See, e.g.</u>, <u>Croce v. Bromley Corp.</u>, 623 F.2d 1084, 1093 (5th Cir. 1980) (holding that there was no need for the court to appoint a guardian ad litem because "the child's legal guardian, his mother, brought this

---

[2] Torla Boucher was Daniel's mother, and James Boucher was his father.  <u>Boucher</u>, 850 P.2d at 1180.

action on his behalf"); S.E.S. ex rel. J.M.S. v. Galena Unified Sch. Dist. No. 499, No. 18-2042, 2018 WL 558059, at *1 (D. Kan. Jan. 25, 2018) (finding that "S.E.S., as the natural mother of J.M.S., qualifies as a general guardian who may sue on behalf of a minor, with no need for a formal court appointment"). While the cited cases involved minors, not incompetent adults, the court notes that the parties have not disputed that Mikko is unable to represent himself. To the extent DXM believes that Mikko may represent himself, and that the Kingsleys have not appropriately been appointed as guardians for their adult son, DXM may ask the court to stay this matter while the Kingsleys submit a petition for guardianship in state court.

The court need not make a final ruling on the appropriate interpretations of Utah Code Ann. § 78B-3-101.3 or Rule 17 of the Federal Rules of Civil Procedure at this time. If and when the Kingsleys retain counsel, the parties may then fully brief the issue. The court therefore denies without prejudice DXM's motion to dismiss on this ground. Should the Kingsleys retain counsel, the court grants DXM leave to file a motion to stay containing additional argument about the Kingsleys' capacity to sue on behalf of their son and the Utah guardianship requirements with which DXM believes the Kingsleys have not complied.

Because the court is satisfied that there is no need for a guardian ad litem in this proceeding, the court denies the Kingsleys' motion to appoint a guardian ad litem as moot.

### V.      Appointing Counsel in a Civil Case

Given that the state court waived the Kingsleys' filing fees in full (see ECF No. 1-1 at 10–11), the court notes that if the Kingsleys are unable to retain counsel to represent Mikko's claims in this matter, they may also move the court to appoint counsel. Under 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is within the sound discretion of the court. See Loftin v.

Dalessandri, 3 F. App'x 658, 663–64 (10th Cir. 2001).  The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel."  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).  These factors include "the merits of the litigant's claim, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by the claims."  Id. (citation omitted).

The court cautions the Kingsleys that it rarely grants a motion to appoint counsel in a civil case and, at least on a preliminary review of the Complaint, does not believe that court-appointed counsel is appropriate here.  The court will look especially carefully at the Kingsleys' good faith efforts to retain counsel before granting such a motion.

## VI. Other Arguments

Finally, DXM maintains that this action should be dismissed because Mikko's medical record, attached to the Plaintiffs' Complaint as Exhibit C, indicates that Mikko overdosed on Dextromethorphan and not fentanyl.  (ECF No. 6 at 9; Medical Record, ECF No. 6-1.)  But the Complaint also alleges that the RoboTablets tested positive for fentanyl, an allegation which the court accepts as true for the purpose of a motion to dismiss.[3]  See Iqbal, 556 U.S. at 678.  Taken as true, the Kingsleys have plausibly alleged that the RoboTablets were contaminated with fentanyl and that this contamination resulted in Mikko's harm.  The court therefore denies DXM's motion to dismiss on this ground.

---

[3] The court may, however, consider Mikko's attached medical record to weigh the merits of his claims should the Kingsleys ask the court to appoint counsel.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Amazon's Motion for Judgment on the Pleadings (ECF No. 20) is DENIED WITHOUT PREJUDICE as premature.

2. The Plaintiffs' Motion for Appointment of Guardian ad Litem (ECF No. 18) is DENIED AS MOOT.

3. DXM's Motion to Dismiss (ECF No. 6) is GRANTED IN PART and DENIED IN PART. The court dismisses the Plaintiffs' claim for negligent infliction of emotional distress with prejudice. Should the Plaintiffs retain counsel, the court grants DXM leave to file a motion to stay containing additional argument about the Kingsleys' capacity to sue on behalf of their son and the Utah guardianship requirements with which DXM believes the Kingsleys have not complied.

4. If the Plaintiffs wish to pursue the remaining claims in this action on behalf of their son, the Plaintiffs must retain counsel. Failure to do so will result in the dismissal of this action. Counsel must either file a notice of appearance or the Plaintiffs must move to appoint counsel within 30 days from the date of this order.

5. The deadline to hold an Attorneys' Planning Meeting and to submit an Attorneys' Planning Meeting Report and Motion for Scheduling Order are extended until 14 days after counsel for the Kingsleys files a notice of appearance.

DATED this 28th day of August, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge