IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN DIANA KINGSLEY and JAMES KINGSLEY, individually and on behalf of MIKKO JORAN COOK,<br><br>Plaintiffs,<br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation; and DXM PHARMACEUTICALS, INC., a Texas corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br><br>Case No. 2:25-cv-00385-TC-CMR<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

On August 28, 2025, the court issued an order holding that Plaintiffs Susan Diana Kingsley and James Kingsley must retain counsel to bring claims on behalf of their son, Mikko Joran Cook. (Mem. Decision & Order, Aug. 28, 2025, ECF No. 29.) The order stated that failure to retain counsel "will result in the dismissal of this action. Counsel must either file a notice of appearance or the Plaintiffs must move to appoint counsel within 30 days from the date of this order." (Id. at 13.)

The time to comply with that order expired on Monday, September 29, 2025. See Fed. R. Civ. P. 6(a)(1)(C) (noting that when a period of time ends on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). The Plaintiffs filed a motion that day asking the court either to appoint counsel or to allow additional time for the Plaintiffs to find counsel. (Mot. Ext., ECF No. 31.) The court reiterated that it did not find it appropriate to appoint counsel in this matter but

1

allowed the Plaintiffs 30 days to retain counsel themselves. (Order, Oct. 3, 2025, ECF No. 33.) The time to comply with that order expired on Monday, November 3, 2025. The Plaintiffs did not file another motion for an extension and no counsel entered a notice of appearance on behalf of Mr. Cook.

When a plaintiff fails to comply with court orders, the Federal Rules of Civil Procedure allow a court to dismiss an action involuntarily. Fed. R. Civ. P. 41(b). Unless the dismissal order states otherwise, or the dismissal is based on a lack of jurisdiction, improper venue, or the failure to join a party, such a dismissal acts as an adjudication on the merits. Id. Here, however, the Plaintiffs are representing themselves, and their failure to obtain counsel may be based on other factors besides the merits of the underlying claims. The court was therefore prepared to dismiss this action without prejudice for failure to prosecute.

But before the court could enter the dismissal order, Defendant Amazon.com Services LLC (Amazon) filed a motion asking the court to dismiss the action with prejudice. (Amazon Mot. Dismiss, ECF No. 34.) Defendant DXM Pharmaceuticals, Inc. (DXM), the only other defendant named in the action, later filed a separate motion in which it also asked the court to dismiss the action with prejudice. (DXM Mot. Dismiss, ECF No. 35.) Because dismissal with prejudice is a harsh sanction, the court kept the action open to allow the Plaintiffs to respond to the Defendants' motions.

The Plaintiffs filed their response on November 26, 2025. (ECF No. 36.) In that response, the Plaintiffs ask for an additional 60 days to find counsel—or, in the alternative, for the court to appoint counsel for the limited purpose of conducting settlement discussions. (Id. at 1–2.) The Plaintiffs offer no explanation about why they failed to make these requests by November 3, 2025, the deadline set by the court. The Plaintiffs also include purported citations

to Tenth Circuit cases in support of their requests, but the cited cases do not include the quoted language.  For instance, citing <u>Meeker v. Kercher</u>, 782 F.2d 153 (10th Cir. 1986), the Plaintiffs claim that the Tenth Circuit has held as follows: "A district court may not dismiss an incompetent litigant's claims without first ensuring representation or making protective findings."  (ECF No. 36 at 2.)  But <u>Meeker</u> contains no such direction, and the court was unable to locate another Tenth Circuit case with this holding.  Instead, the Tenth Circuit has held that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  <u>Meeker</u>, 782 F.2d at 154.  The court is therefore unconvinced by the Plaintiffs' legal arguments.

The Plaintiffs also claim that they attempted to contact four law firms on October 22, 2025, and that one firm, Ray Quinney & Nebeker P.C., initially offered to represent Mr. Cook before declining a month later.  (<u>See</u> Attempts to Retain Counsel, ECF No. 36-1 at 3.) The Plaintiffs did not attach any documents showing the Plaintiffs' communications with these law firms.

Even assuming that the Plaintiffs' attempts to retain counsel are accurate, the court finds no excusable neglect that prevented the Plaintiffs from complying with the court's previous order.  <u>See</u> Fed. R. Civ. P. 6(b)(1)(B).  The Plaintiffs did not file a response or other motion before the November 3 deadline and have not provided any reason they were unable to do so.  If Ray Quinney & Nebeker P.C. had initially offered to represent Mr. Cook, it is unclear why that firm did not ask for an extension of time or otherwise enter an appearance.  But now that the firm has declined to represent Mr. Cook, it appears that the Plaintiffs are no closer to retaining counsel than they were three months ago.  According to DXM, the pharmaceutical company has had its products restricted from being listed and sold on Amazon's site as a result of this lawsuit.

3

(Decl. Mark Thuesen, ECF No. 35-4 at ¶ 5.)  Given these facts, the court declines to provide the Plaintiffs with further extensions and will dismiss this matter.

Turning to the question of whether that dismissal should be with or without prejudice, the court examines the factors set forth by the Tenth Circuit in <u>Ehrenhaus v. Reynolds</u>: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  965 F.2d 916, 921 (10th Cir. 1992) (cleaned up).

The court finds that the Defendants have been prejudiced only slightly by the Plaintiffs' failure to obtain counsel by November 3, 2025, which resulted in the continuation of this case by an additional month.  There is also little interference with the judicial process.  And although the Plaintiffs' efforts to obtain counsel were not vigorous (it appears that the Plaintiffs called four firms on October 22, 2025, and had only contacted a few firms previously), it does appear that the Plaintiffs made good faith attempts to comply with the court's orders.  The court warned the Plaintiffs that it was not inclined to appoint counsel in this matter and that the Plaintiffs' failure to retain counsel would "result in the dismissal of this action …."  (ECF No. 29 at 13.)

Finally, the court finds that dismissing this action without prejudice is an effective lesser sanction.  Under Federal Rule of Civil Procedure 41(d), the court may order the Plaintiffs "to pay all or part of the costs" of this action if the Plaintiffs file another action based on the same claim against the same defendants.  This potential sanction acts as a deterrent against frivolous lawsuits.

Taking the <u>Ehrenhaus</u> factors together, the court finds that a dismissal without prejudice is appropriate.  The court makes no finding about the underlying merits of the products liability

4

claim. That claim is therefore still available to Mr. Cook if he is able to retain counsel who is willing to certify under Rule 11 of the Federal Rules of Civil Procedure that any new action is not presented for any improper purpose and that the factual contentions contained in the new complaint have or likely will have evidentiary support.

The parties may, of course, pursue settlement discussions without aid from this court that would obviate the need for any future litigation. But the court declines the suggestion from both the Plaintiffs and Amazon that the court should appoint counsel for the limited purpose of negotiating a settlement.

## ORDER

For the reasons stated above, the court ORDERS as follows:

1. The court DISMISSES this action WITHOUT PREJUDICE for failure to comply with the court's orders.

2. The Defendants' Motions to Dismiss (ECF Nos. 34 & 35) are GRANTED IN PART and DENIED IN PART.

3. The Plaintiffs' Motion for an Extension and Motion to Appoint Counsel for Settlement Purposes (ECF No. 36) are DENIED.

DATED this 1st day of December, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge